UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Natasha J. Ryan,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendants. | No. 1:26-cv-3887-GSA<br>ORDER DIRECTING CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE<br>FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT WITHOUT PREJUDICE<br>(Doc. 8) |

**I. <u>Discussion</u>**

Defendant moves to dismiss Plaintiff's complaint due to the fact that Plaintiff's complaint reflects she has not yet received a final determination from the Social Security Administration. <u>See</u> Motion to Dismiss, ECF No. 8.

Plaintiff's complaint states "I have not heard a reply yet on my appeal." Compl. at 3, ECF No. 1.

Defendant correctly explains the law on this issue:

> Although the term "final decision" in 42 U.S.C. § 405(g) is not defined in the Social Security Act, the Commissioner's regulations establish a four-step process of administrative review that results in a final decision. Specifically, an individual must: (1) receive an initial determination of her right to benefits; (2) request reconsideration of the initial determination; (3) request and obtain a hearing decision by an administrative law judge (ALJ); and (4) request Appeals Council review of the ALJ's decision. 20 C.F.R. § 404.900(a)(1)-(4). When the

> Appeals Council denies review of the ALJ's decision or issues its own decision, the claimant has a final decision that is subject to judicial review in district court. 20 C.F.R. § 404.900(a)(5). Motion to Dismiss at 3, ECF No. 8.

Defendant then argues:

> In the instant case, Plaintiff's complaint does not allege facts sufficient to state a claim for relief under these requirements. More specifically, Plaintiff does not allege that she completed all steps of the administrative review process necessary to have a final decision. On the contrary, Plaintiff admits that she has "not heard a reply yet on [her] appeal" and does not "have any paper yet" (ECF no. 1 at 3).
>
> Accordingly, Plaintiff's complaint shows that <u>she has not exhausted her administrative remedies</u> as required to have a final decision that this Court may review. Motion to Dismiss at 3, ECF No. 8 (emphasis added).

Plaintiff was directed to respond to Defendant's motion to dismiss with 30 days. Plaintiff filed a response (ECF No. 10), and then a supplement to her response (ECF No. 11).

In the Response, Plaintiff contends that Defendant's motion asserts that Plaintiff was "still able to work." Resp. at 1, ECF No. 10. Defendant did not make that statement in the Motion to Dismiss in this case. <u>See</u> Doc. 8.

Plaintiff further contends that "The commissioner does not allege untimeliness, lack of exhaustion . . ." <u>Id.</u> That is incorrect. Defendant specifically contends lack of exhaustion. As quoted and underline above, Defendant states "<u>she has not exhausted her administrative remedies</u> . . ." Motion to Dismiss at 3, ECF No. 8 (emphasis added). In her response Plaintiff also provides a chronology of her injuries and medical issues. However, the Court has no jurisdiction to consider those matters because, again, Plaintiff has not exhausted her administrative remedies.

In her supplemental response, Plaintiff simply attaches a page from Defendant's motion and attaches some literature about lumbar spine conditions.

Plaintiff does not contend or establish that she has exhausted her administrative remedies or received a final decision by the Appeals Council.

Finally, it is worth noting that the social security new case documents (ECF No. 4) were mailed to Plaintiff on May 22, 2026, to her address on file with the Court. The mail was returned

to the Court as undeliverable.

Plaintiff is advised of her obligation to keep the Court informed of her current address, as required by Local Rule 183 (Fed. R. Civ. P. 83),

## II. Order

The Clerk is **DIRECTED** to serve a copy of this order on Plaintiff at her address of record.

The Clerk is **DIRECTED** to randomly assign a United States District Judge for resolution of these findings and recommendations.

## III. Findings and Recommendation

It is **RECOMMENDED** that:

1. Defendant's motion to dismiss, ECF No. 8, be **GRANTED**
2. That Plaintiff's complaint be **DISMISSED** without prejudice to Plaintiff's ability to file a new complaint if it is timely and if it appeals a final decision of the Commissioner of Social Security.

## IV. Objections Due Within 14 days

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson, 772 F.3d 834, 838-39 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **October 19, 2026**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE